# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PATRICK WILLIAM AGEE, JR.,

      Petitioner,   :      Case No. 2:24-cv-4289

  - vs -                  District Judge Michael H. Watson
                                 Magistrate Judge Michael R. Merz

BILL COOL, WARDEN, Ross Correctional
  Institution,

                                    :
      Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for decision on the merits. Relevant filings are the Petition (ECF No. 1), the State Court Record (ECF No. 13), and Respondent's Return of Writ (ECF No. 14). Although the Court set a deadline for Petitioner's to file a reply of twenty-one days after the Return was filed (Order, ECF No. 10, PageID 36), he has not done so and the time has expired. The Magistrate Judge reference in this case was recently transferred to help balance the Magistrate Judge workload in the District (ECF No. 15).

**Litigation History**

On May 16, 2019, the Franklin County Grand Jury handed down an indictment charging Petitioner with single counts of aggravated burglary (Ohio Revised Code §2911.11), aggravated

1

robbery (Ohio Revised Code § 2911.01), kidnapping (Ohio Revised Code § 2905.01), felonious assault (Ohio Revised Code § 2903.11), theft (Ohio Revised Code § 2913.02), cruelty to companion animals (Ohio Revised Code § 0959.131), tampering with evidence (Ohio Revised Code § 2921.12), improperly handling firearms in a motor vehicle (Ohio Revised Code § 2923.16), having weapons while under disability (Ohio Revised Code § 2923.13), and two counts of failure to comply with an order or signal of a police officer (Ohio Revised Code § 2921.331)(Indictment, State Court Record, ECF No. 13, Ex. 1). Prior to trial, Petitioner entered into a plea agreement with the State pursuant to which he pleaded guilty to counts two, four, six, and nine of the Indictment and was sentenced to an indefinite term of twelve to sixteen years imprisonment plus a three-year consecutive term on a firearm specification. *Id.* Ex. 4.

Although Petitioner did not timely appeal, he later filed a motion for delayed appeal which he then withdrew. Hence there is no merits judgment of the Tenth District Court of Appeals or the Ohio Supreme Court.

Petitioner filed his habeas corpus Petition in this Court on December 17, 2024, by depositing it in the prison mail system on that date (See Return of Writ, ECF No. 14, PageID 130, note 2).

Respondent raises the affirmative defense that the Petition is barred by the statute of limitations, 28 U.S.C. § 2244(d). Under that statute, the one-year period for filing in habeas begins to run on the date a conviction becomes final on direct review. Because Petitioner did not take a timely direct appeal, his conviction became final on the last day on which he could have done so, December 5, 2019, thirty days after judgment was entered on November 4, 2019. Thus the last day on which he could have filed in this Court within the statute of limitations was December 7, 2020.

Petitioner makes no response to this affirmative defense and it is well-taken. The Petition should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 19, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.